IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**EARNEST E. WALKER, JR.,**

                **Plaintiff,**

     v.                                      CASE NO. 12-3251-SAC

**STATE OF KANSAS, et al.,**

                **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se and seeks leave to proceed in forma pauperis.

Plaintiff names as defendants the State of Kansas, a public defender, an attorney, and three judges of the Sedgwick County District Court. The complaint reflects that plaintiff was arrested in August 2011 and later entered a guilty plea. He complains that he did not receive jail credit against his sentence, that he received ineffective assistance of counsel, and that he should be receiving more good conduct time. The complaint also reflects that plaintiff has a pending state court action.

Because plaintiff proceeds pro se, the court must liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

This matter appears to be a challenge to the constitutionality of the criminal proceedings against plaintiff and to the execution of his state court sentence. Accordingly, the court will liberally construe this matter as a petition for habeas corpus, which provides

the sole federal remedy for a prisoner challenging the validity of a state court conviction or sentence. In *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), the United States Supreme Court stated, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Plaintiff must fully exhaust state court remedies before he may proceed in a habeas corpus action. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is met when the federal claim has been properly presented "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Finally, to the extent plaintiff intends to proceed against the individuals named as defendants, he cannot proceed until he succeeds in overturning the sentence or conviction in question. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that a plaintiff may not proceed under § 1983 when the harm complained of was "caused by actions whose unlawfulness would render a conviction or sentence invalid." 512 U.S. at 486. Unless plaintiff obtains relief by having his conviction or sentence reversed, declared invalid by a state entity, or overturned in habeas corpus, he may not bring suit under § 1983 if success would undermine the validity of the state court judgment against him. Thus, even if this matter were construed as an action under §1983, it would be subject to dismissal as premature.

For the reasons set forth, the court liberally construes this matter as a petition for habeas corpus. The petition is dismissed

without prejudice to allow petitioner to exhaust available state court remedies.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is liberally construed as a petition for habeas corpus. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is granted, and this matter is dismissed without prejudice.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 18th day of January, 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge